(C. D. 1069)

THORENS, INC. *v*. UNITED STATES

United States Customs Court, Third Division

(Decided November 6, 1947)

*Barnes, Richardson & Colburn* (*J. Bradley Colburn* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

CLINE, Judge: This is a suit against the United States protesting the collector's assessment of duty on merchandise, invoiced as "baby plates," under paragraph 211 of the Tariff Act of 1930 at the rate of 10 cents per dozen pieces and 50 per centum ad valorem, as decorated earthenware. It is claimed that the merchandise is properly dutiable at 10 cents per dozen pieces and 30 per centum ad valorem

under paragraph 211, as modified by the trade agreement with the United Kingdom, T. D. 49753.

The pertinent provisions of the tariff act and the trade agreement are as follows:

PAR. 211. Earthenware and crockery ware composed of a nonvitrified absorbent body, * * * painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 10 cents per dozen pieces and 50 per centum ad valorem.

PAR. 211. [as modified by the trade agreement, T. D. 49753] Earthenware and crockery ware composed of a nonvitrified absorbent body, including white granite and semiporcelain earthenware, and cream-colored ware, terra cotta, and stoneware; any of the foregoing which is tableware, kitchenware, or table or kitchen utensils, painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner:

Plates not exceeding six and five-eighths inches in diameter, and valued at not less than 60 cents per dozen; * * *¨ all the foregoing, not specially provided for

10¢ per dozen pieces and 30% ad val.

A sample of the merchandise was admitted into evidence as plaintiff's exhibit 1. It consists of an earthenware dish with a portion, 6⅝ inches in diameter and 1¼ inches deep, for holding food, and with a hollow base 5⅜ inches in diameter and 1¾ inches deep. On the inside of the base are three small notches which, according to the testimony, are used for the attachment of a musical unit. The portion for holding food is decorated with the figure of a little girl watering flowers and the words "Mary, Mary, Quite Contrary."

Plaintiff called Harold A. Lowen, general office manager of the importing company, who testified that before the merchandise is resold by the company a musical unit is attached; that he had seen the merchandise with the musical unit used as a cereal plate from which the baby was supposed to eat cereal; that the musical attachment is to coax the child to eat; that as the dish is tilted the music is released "and as a reward the child finishes its cereal"; that the article without the musical attachment is never sold by his company except as a replacement when one is broken.

Paragraph 211 of the Tariff Act of 1930, as amended by the trade agreement with the United Kingdom, T. D. 49753, includes "Plates not exceeding six and five-eighths inches in diameter, and valued at not less than 60 cents per dozen" at a rate of 10 cents per dozen pieces and 30 per centum ad valorem. The Digests of Trade Data with Respect to Products on Which Concessions Were Granted by the United States give the following statement in connection with paragraph 211:

The reduced rate of duty provided in the trade agreement is limited to decorated or colored earthenware and stoneware plates, cups and saucers (for hotel and

restaurant as well as for household use) valued at not less than specified amounts; the sizes of the plates further limit the application of the reduced rate.

Except for the value bracket limitations, no restriction on the types of decorated and colored earthenware plates, cups, and saucers entitled to the reduction in duty was written into the agreement, since it was intended to cover all types of plates, cups, and saucers coming within the descriptive language. A complete list of the different articles would not be practicable, but the more important articles include flat plates, coupe and deep soup plates, cake and compartment plates, tea, coffee, cream soup, bouillon and other cups and saucers, as well as saucers not used in conjunction with cups, such as fruit and oatmeal saucers. (p. 2–46.)

The provisions of the trade agreement are comprehensive, including all types of earthenware plates, cups, and saucers used as table or kitchenware. It has been held, under the trade agreement, that oatmeal saucers and chowder and puree cups are properly dutiable at the reduced rate. *Copeland & Thompson, Inc.* v. *United States*, 12 Cust. Ct. 85, C. D. 833; *Johnson Bros.* v. *United States*, 15 Cust. Ct. 113, C. D. 955.

A plate has been defined as:

A shallow, usually circular, vessel of china, earthenware, metal, or wood, from which food is eaten. The standard crockery plates range from six to eleven inches in diameter. In order of size they are: *bread-and-butter plate, dessert plate, tea plate, breakfast plate, dinner plate,* and *service,* or *place, plate.* * * *

A plate coming within the descriptive language of paragraph 211, as amended by the trade agreement, is entitled to the reduced rate, provided, of course, that it is tableware, whether used for cereal or for the serving of other food to a child.

In *United States* v. *Butler Bros.*, 33 C. C. P. A. 22, C. A. D. 310, certain bonbon and candy dishes were held not to be tableware because they were not chiefly used on the table for the service of meals, but were used on bridge and occasional tables. The merchandise in the instant case is a plate designed to hold food and the testimony indicates it is used for the service of cereal to a child.

The Government contends, however, that the article is not tableware since it "is used solely for the purpose of having the musical unit attached thereto." The testimony on this point is as follows:

X Q. I understand that you never sell Exhibit 1 as it is in the condition as imported, is that right?—A. We do not, except in the case of replacement when one is broken.

However, the sample itself is a potent witness. An examination of it discloses that in the condition as imported it is a plate suitable for use for a child's food of any kind. It is a plate for the service of food even though it has a hollow base not found in ordinary plates. Whether or not a musical unit is attached after importation is therefore immaterial. We do not agree with the Government's contention that

the article "is used solely for the purpose of having the musical unit attached thereto." The only evidence of that is the statement of one witness, the general office manager of the importer herein, and that does not indicate that it has not been sold by others for other purposes.

We hold, therefore, that the merchandise is properly dutiable at 30 per centum ad valorem plus 10 cents per dozen pieces under paragraph 211 of the Tariff Act of 1930, as amended by the trade agreement with the United Kingdom, T. D. 49753. The protest is sustained and judgment will be rendered accordingly.